# O AND T. OF LACKAWANNA COUNTY.

## COMMONWEALTH vs. GERRITY, et al.

CRIMINAL PRACTICE—WITHDRAWING PLEA OF NOT GUILTY.

Defendant being arraigned, pleaded guilty, under advice of counsel. Subsequently, at the same session, be asked leave to withdraw this plea, on the ground that it had been inconsiderately entered. HELD, that the application was proper and would be granted.

Motion to withdraw plea of guilty.

Indictment for robbery. Defendant having been arraigned, pleaded guilty, under advice of counsel. Subsequently, at the same session, he made application to withdraw this plea, and enter a plea of not guilty, on the ground that his former plea was not entered upon full consideratio".

Willard, counsel for prisoner.

Gunster, District Attorney, contra.

THE COURT. Understanding this application was to be made, I have taken pains to look through the several works on criminal law, but have not been able to find anything upon the subject. The nearest to it is the decision of the Supreme Court in McCue vs. Ferguson. 23 P. F. Smith, 333. That was a case of slander, with a plea of justification. The court held that the defendant could withdraw the justification (which amounted to a plea of guilty), and plead not guilty. I think that case sufficient to allow this application.

This is another matter that should be taken into consideration. It has gone abroad that this plea was inconsiderately entered, and an imputation lodged against counsel in consequence. We ought to protect the reputation of any member of the bar when thus assailed. This case is one of magnitude, and had we been called upon to give sentence this morning, we should have felt obliged to impose a long term of imprisonment. The charge is serious, and calls for severe treatment. The defendant should have the benefit of a full hearing.

Application granted.

Oral opinion by HANDLEY, P. J.